IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:03-CR-739 |
| v. | ) | |
| | ) | **ORDER** |
| THOMAS JOSEPH DALTON, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Thomas Joseph Dalton's motion for reconsideration of his sentence. Defendant filed this motion asking the court to reconsider the imposed sentence of 105 months. The government did not file a response in opposition. For the reasons set forth below, defendant's motion is denied.

On March 1, 2004, defendant pled guilty to one count of credit card fraud. On September 8, 2004, this court sentenced defendant to a term of 105 months in prison, three years of supervised release, $98,851.64 in restitution, and a $100 special assessment. Defendant appealed, and the Fourth Circuit remanded following the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). At the conclusion of the second sentencing hearing, this court resentenced defendant to the same sentence ordered on September 8, 2004, but this time under the advisory sentencing guidelines. Defendant once again appealed the sentence. The Fourth Circuit determined that the sentence imposed by this court pursuant to an upward departure was reasonable; however, the Fourth Circuit remanded, instructing this court to provide the criminal

history calculations supporting, and the reasons for, the departure.  See United States v. Dalton, 477 F.3d 195 (4th Cir. 2007).  On January 6, 2010, this court orally resentenced defendant to the same sentence imposed on the prior two occasions, subject to reconsideration of the restitution amount.  On February 2, 2010, this court entered a written order providing the rationale required by the Fourth Circuit and imposing a sentence of 105 months in prison, three years of supervised release, $39,286.13 in restitution, and a $100 special assessment.

Title 18 U.S.C. § 3582(b) provides that imposition of a sentence constitutes a final judgment.  There are a limited number of exceptions under which a court may modify a term of imprisonment once it has been imposed:  (1) upon a motion by the Director of the Bureau of Prisons (BOP) if "extraordinary and compelling reasons warrant such a reduction"; (2) the court may correct a sentence if expressly permitted by statute or pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) upon motion of the defendant, the Director of the BOP, or the court, if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  18 U.S.C. § 3582(c)(1)-(2).

In the present case, defendant asks the court to reconsider the sentence; however, none of the exceptions above is applicable to defendant's case.  First, there is no motion by the Director of the BOP before the court.  Second, neither a statute nor Rule 35 provides grounds to reconsider petitioner's sentence.  Finally, the Sentencing Commission has not subsequently reduced the sentencing range which formed the basis

for defendant's sentence. No legal basis exists to warrant reconsideration or modification of defendant's sentence. Accordingly, defendant's motion is **DENIED**.

      **AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**April 8, 2010**
**Charleston, South Carolina**